IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN NEUMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-76-SMY-DGW |
| | ) |
| VILLAGE OF POCAHONTAS, ILLINOIS et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On January 23, 2015, Plaintiff Steven Neumann filed this action against Defendants County of Bond and Jared Jolliff (the "County Defendants'), as well as the Village of Pocahontas, Michael Lantrip, and Jane Lantrip (the "Pocahontas Defendants"). Plaintiff asserts that Michael Lantrip, Village of Pocahontas Animal Control Officer, needlessly shot and killed Plaintiff's dog while his wife, Jane Lantrip and Jared Jolliff, a Bond County Sheriff's Deputy, stood by and assisted (Doc. 20). Plaintiff alleges violations of the Fourth Amendment and Illinois state law claims for conversion and violations of the Illinois Humane Care for Animals Act, 510 ILCS 70/10 (Doc. 20). Now pending before the Court is the County Defendants' Unopposed Motion for a Good Faith Finding (Doc. 32). For the following reasons, the Motion is **GRANTED**.

The Joint Tortfeasor Contribution Act (the "Act") provides that a tortfeasor who settles in good faith with the injured party is discharged from contribution liability. *Wreglesworth ex rel. Wreglesworth v. Arctco, Inc.,* 317 Ill. App. 3d 628, 633, 740 N.E.2d 444, 448 (2000). The requirement that the settlement be made in good faith is contained in section 2(c) of the Act. *See*

740 ILCS 100/2(c). Section 2(d) provides that "[t]he tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor." 740 ILCS 100/2(d). The good faith requirement is the only limitation placed on the right to settle. *Dubina v. Mesirow Really Dev., Inc.,* 197 Ill.2d 185, 258 Ill.Dec. 562, 756 N.E.2d 836, 840 (Ill.2001). The term "good faith" is not defined in the Act, but a settlement is considered *prima facie* in good faith if the settling tortfeasor establishes that it was supported by consideration. *Solimini v. Thomas,* 293 Ill.App.3d 430, 437, 227 Ill.Dec. 875, 688 N.E.2d 356, 361 (1997).

To evaluate whether a settlement was made in good faith, a court may consider the following: (1) whether the amount paid by the settling tortfeasor was within a reasonable range of the settlor's fair share; (2) whether there was a close personal relationship between the settling parties; (3) whether the plaintiff sued the settlor; and (4) whether a calculated effort was made to conceal information about the circumstances surrounding the settlement agreement. *Wreglesworth,* 740 N.E.2d at 449 (quotations and citations omitted). "No single factor is seen as determinative." *Id.* Illinois courts consistently hold that it is unnecessary for a trial court to conduct separate evidentiary hearings, decide the merits of the tort case, or rule on the relative liabilities of the parties before making a good faith determination. *See Johnson v. United Airlines,* 203 Ill.2d 121, 271 Ill.Dec. 258, 784 N.E.2d 812, 818 (Ill. 2003); *Smith v. Texaco,* 232 Ill.App.3d 463, 173 Ill.Dec. 776, 597 N.E.2d 750, 755 (Ill.App.1992); *Ruffino v. Hinze,* 181 Ill.App.3d 827, 130 Ill.Dec. 542, 537 N.E.2d 871, 874 (Ill.App.1989).

Here, Plaintiff and the County Defendants reached a settlement of $8,000.00, inclusive of the County Defendants' share of costs and fees incurred as of the settlement agreement date. In exchange for consideration provided by the County Defendants, Plaintiff has agreed to sign a full

and unconditional release. Both parties assert that the settlement is reasonable and was reached after arms-length negotiations.

After considering the factors set forth above, the Court finds that settlement was made in good faith within the meaning of the Act. The settlement is reasonable given the relative culpability of the County Defendants in this matter. Further, there is nothing in the record to indicate that Plaintiff and the County Defendants have a close personal relationship. Nor does the settlement appear to be a calculated effort to conceal information about the circumstances of the settlement agreement – the parties noted that they have been open with the Pocahontas Defendants regarding their settlement discussions. Accordingly, the Motion is **GRANTED**. Pursuant to the settlement agreement, Defendants County of Bond and Jared Jolliff are **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED: November 19, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**