IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN NEUMANN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CV-76 –SMY-DGW |
| | ) |
| VILLAGE OF POCAHONTAS, | ) |
| ILLINOIS, MICHAEL LANTRIP, both | ) |
| individually and in his official capacity, | ) |
| JANE LANTRIP, both individually and in | ) |
| her official capacity, | ) |
| | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendants' Daubert Motion to Exclude Expert Opinions and Testimony (Doc. 41). For the following reasons, Defendants' motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiff filed suit against Defendants Michael Lantrip, Jane Lantrip, and the Village of Pocahontas, Illinois, alleging the Defendants deprived him of his Fourth Amendment right to be free from unreasonable seizures of property as well as state law violations arising out of the shooting death of his pit bull dog Ruger. On January 26, 2014, Ruger was shot and killed by the Village of Pocahontas' animal control officer, Michael Lantrip. Lantrip responded to a call that Ruger was running loose in an elderly woman's garage. When approached, Ruger growled, showed his teeth, and raised his cackles. After attempting to unsuccessfully capture Ruger

1

utilizing a catchpole, and upon direction from a Bond County Deputy, Lantrip shot Ruger in the head twice. At no time during the incident had Ruger bitten or attempted to bite anyone present.

Plaintiff has disclosed Brian Handegan and Lauren Malmberg pursuant to Federal Rule of Civil Procedure 26(b)(2) as non-retained and retained experts, respectively. Handegan is the former animal control officer for the Village of Pocahontas. Malmberg is an adjunct faculty for Illinois Central College and a trainer and presenter on animal control and welfare issues.

## LEGAL STANDARD

Federal Rule of Evidence 702 provides for the admission of expert testimony that assists the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court instructed courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Courts function as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

Equally important to the gate-keeping function is a determination of whether the proposed testimony is relevant. *Daubert,* 509 U.S. at 591. Thus, even if an expert's testimony is deemed reliable, under Rule 702, it must be excluded if it is not relevant, which means that it is not likely "to assist the trier of fact to understand the evidence or determine a fact in issue...." *United States v. Hall,* 93 F.3d 1337, 1342 (7th Cir.1996); *see also United States v. Gallardo,* 497 F.3d 727, 733 (7th Cir.2007). "The suggested ... testimony must 'fit' the issue to which the

expert is testifying" and should help the trier of fact decide the case at bar. *See Chapman v. Maytag Corp.,* 297 F.3d 682, 687 (7th Cir.2002).

Of particular relevance to an expert proffered for his experience, "[i]t is critical under Rule 702 that there be a link between the facts or data the expert has worked with and the conclusion the expert's testimony is intended to support." *United States v. Mamah,* 332 F.3d 475, 478 (7th Cir.2003) (citing *Gen. Elec. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). The Seventh Circuit has consistently held that "[a]n expert who supplies nothing but a bottom line supplies nothing of value to the judicial process." *Zenith Elec. Corp.,* 395 F.3d at 419-20 (collecting cases). Rather, the expert must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *U.S. v. Frazier,* 387 F.3d 1244, 1261 (2004) (quoting Fed.R.Evid. 702 advisory committee's note (2000 amends.) (emphasis added)).

## **DISCUSSION**

Defendants request the Court bar Handegan and Malmberg from testifying as expert witnesses for Plaintiff. Regarding Handegan, Defendants assert that he does not have the requisite knowledge with which to testify as an expert and has no opinions critical of Defendant Michael Lantrip. Defendants contend that Malmberg's proposed testimony is irrelevant and not supported by scientific data. In response, Plaintiff argues that Handegan has the requisite knowledge and training to testify about the limited matters for which he has been identified. Plaintiff further asserts that Malmberg's testimony should be admitted because it is relevant, non-speculative and supported by scientific data and methodology.

Handegan's proffered testimony includes his personal experiences as an animal control officer for the Village of Pocahontas, his personal experience with Ruger, utilizing the catchpole

to capture dogs and options available to an animal control officer in lieu of shooting a loose dog. In his opinion, there were other options available for the capture of Ruger and he would have handled the situation differently.

Malmberg offers the following opinions:

(1) It is not uncommon in smaller communities for animal control officers to receive virtually no training and very little in the way of equipment; (2) It is imperative for animal control officers be trained for their own safety, public safety, and the safe and humane capture of animals; (3) Training for animal personnel is available throughout the State of Illinois at a reasonable or no costs; (4) The proper use of equipment, including leashes, muzzles, snares, live traps, animal control sticks and others, necessitates knowledgeable instruction and practice; (5) With patience and practice, the control stick can be used on virtually any dog; if a dog is evading the noose, the addition of a second person with an animal control stick can be helpful; (6) When Lantrip shot Ruger, the shooting violated the Village of Pocahontas animal control ordinance and the Illinois Animal Control Act; (7) Ruger's behavior the day of the incident, including growling, barking, backing up, and avoiding the catchpole is not usual for a dog cornered in a small, unfamiliar dark space, but under the circumstances then present, Ruger could have been captured and impounded instead of being shot and killed; (8) Shooting Ruger did not constitute humane or lawful euthanasia as provided in the Illinois Humane Euthanasia in Animal Shelters Act; and (9) Lantrip's lack of training, inexperience, and questionable equipment impeded his efforts to capture Ruger.

Handegan and Malmberg will be permitted to offer testimony regarding Ruger's behavior and alternative methods of capturing aggressive dogs. Both proffered experts based their opinions on their experience in the field of capturing stray animals. Handegan served as animal control officer for the Village of Pocahontas for four or five years, was familiar with Ruger and familiar with the equipment utilized by Lantrip. Similarly, Malmberg's experience, education and training in the animal control and animal welfare fields are sufficient to allow her to testify as to nonlethal options for capturing aggressive dogs. This testimony will help acquaint the jury to methods commonly employed to capture aggressive or threatening dogs. Attacks on their

4

credibility, the specifics of their methodology and overall strength of their opinions may be adequately challenged by Defendants at trial. S*ee generally Daubert,* 509 U.S. at 596.

However, Malmberg's opinions regarding lack of training and equipment provided by the Village of Pocahontas will be prohibited as these issues are not relevant to the determination of any facts in issue. The Village of Pocahontas is no longer a Defendant in this lawsuit. Additionally, Malmberg will be prohibited from opining that Lantrip violated the Illinois Humane Euthanasia in Animal Shelters Act as such opinion amounts to impermissible legal conclusions. *See Bammerlin v. Navistar Intern. Transp. Corp.,* 30 F.3d 898, 901 (7th Cir.1994)(It is well-established that expert witnesses may not testify to legal conclusions or to the applicability or interpretation of a particular statute or regulation). Finally, "[w]hen the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case." *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988).

**IT IS SO ORDERED.**

**DATED: April 5, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**