IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN NEUMANN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CV-76 –SMY-DGW |
| | ) |
| VILLAGE OF POCAHONTAS, | ) |
| ILLINOIS, MICHAEL LANTRIP, both | ) |
| individually and in his official capacity, | ) |
| JANE LANTRIP, both individually and in | ) |
| her official capacity, | ) |
| | ) |
|       Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiff Steven Neumann (Doc. 54) and Defendant Michael Lantrip (Doc. 55). The motions were also addressed by the Court during the Final Pretrial Conference on April 6, 2016.

The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996).

Motions *in limine* also may save the parties time, effort, and cost in preparing and presenting their cases. *Pivot Point Intern., Inc. v. Charlene Products, Inc*., 932 F. Supp. 220, 222 (N.D.Ill. 1996). Often, however, the better practice is to wait until trial to rule on objections, particularly when admissibility substantially depends upon facts which may be developed there. *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D.Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440.

2

With these principles in mind, the Court rules as follows.

**Plaintiff's Motions** *in Limine***:**

- Plaintiff's Motion *in limine* No. 1 – Plaintiff moves to bar any evidence concerning the alleged behavior of Ruger running at large prior to the episode in question that occurred on January 26, 2014, including any testimony or documentary evidence concerning allegations or assertions that Ruger ran at large, acted in any threatening manner, or otherwise misbehaved prior to that date. In general, the reasonableness of a defendant's conduct in a § 1983 claim is based on his or her knowledge at the time of the event. As Defendant Michael Lantrip had no knowledge of Ruger prior to this incident, any testimony regarding Ruger's prior behavior is irrelevant. Accordingly, Plaintiff's motion is **GRANTED**.

- Plaintiff's Motion *in limine* No. 2 – Plaintiff moves to bar the testimony of the persons identified in Defendants' Rule 26(a)(3) Pre-Trial Disclosure (Doc. 50), as potential witnesses "as the need arises", including Fred Clayton, Michele Links, Cory Schaffer, Sandra Ergle, James Adams, Jason Rakers, Leonard Moss, David Goodall, Vanessa Maroon, October Weiss, Kay Schaffer, Allie Hunter, and James Clayton. Any evidence of Ruger's behavior prior to January 26, 2014, is irrelevant to the issues in this case. Therefore, Plaintiff's motion is **GRANTED.**

- Plaintiff's Motion *in limine* No. 3 – Plaintiff moves to bar any reports, introduced in written form or discussed in testimony, of any police agency, including the Bond County Sheriff's Office and the Pocahontas Police Department, concerning any past police involvement with or concerning Ruger, including but not limited to any reports or testimony on those issues of or by Pocahontas Police Chief Gino Feasel. Plaintiff's motion is **GRANTED**.

- Plaintiff's Motion *in limine* No. 4 – Plaintiff moves to bar any testimony or documentary evidence concerning Plaintiff's past record of criminal charges, including the outcomes of such charges, and specifically including a past conviction concerning marijuana. Although Plaintiff's felony conviction would be admissible under Federal Rule of Evidence 609(a) for impeachment purposes, the Court finds that, pursuant to Federal Rule of Evidence 403, the probative value of Plaintiff's prior conviction is substantially outweighed by the potential prejudicial effect. Accordingly, Plaintiff's motion is **GRANTED**.

- Plaintiff's Motion *in limine* No. 5 – Plaintiff moves to bar any proposed introduction of reports or witness statements obtained by Defendants' insurance investigator after the January 26, 2014, incident. Plaintiff's motion is **GRANTED**.

- Plaintiff's Motion *in limine* No. 6 – Plaintiff moves to bar the introduction by Defendants of photographs purporting to show the garage at which Plaintiff's dog was shot and killed on January 26, 2014. Plaintiff's motion is **DENIED**.

- Plaintiff's Motion *in limine* No. 7 – Plaintiff moves to bar the testimony of Adam Evans concerning any alleged previous encounter or encounters with Plaintiff's dog Ruger.

3

      Adam's prior encounters with Ruger are irrelevant to the issues in this case. Therefore, Plaintiff's motion is **GRANTED**.

- Plaintiff's Motion *in limine* No. 8 – Plaintiff moves to bar any witnesses from referring to Plaintiff's dog Ruger as being "vicious" or "dangerous". Plaintiff's motion is **GRANTED in part** and **DENIED in part**. Any general testimony from witnesses regarding Ruger's reputation or prior incidents is inadmissible and irrelevant. However, Defendant Lantrip may testify regarding his personal observations of Ruger's behavior on the day of the incident.

- Plaintiff's Motion *in limine* No. 9 – Plaintiff moves to bar Defendants from offering as direct evidence the written statements of Deputy Jolliff, Michael Lantrip, Jane Lantrip or Adam Evans or any other of its identified witnesses. Plaintiff's motion is **GRANTED** as to any statements made by Jane Lantrip and Adam Evans. The Court **RESERVES** ruling on any statements made by Deputy Jolliff and Michael Lantrip subject to proper foundation at trial.

- Plaintiff's Motion *in limine* No. 10 – Plaintiff moves to bar Defendants from offering any testimony from any of Defendants' proposed witnesses that Plaintiff on occasion kept Ruger chained up in the front of Plaintiff's residence. Plaintiff's motion is **DENIED**.

- Plaintiff's Motion *in limine* No. 11 – Plaintiff moves to bar the introduction of any evidence that Plaintiff confronted Defendant Michael Lantrip after Lantrip killed Ruger on January 26, 2014, and to bar the introduction of any evidence concerning any Facebook or other social media postings by Plaintiff or others. Any such evidence is irrelevant to the issues in this case. Accordingly, the motion is **GRANTED**.

- Plaintiff's Motion *in limine* No. 12 – Plaintiff moves to bar any testimony not disclosed by any of Defendants' discovery responses or disclosed during the deposition testimony of any witnesses in this case. To the extent the motion seeks to bar any evidence or witnesses who were previously undisclosed, the motion is **GRANTED**. However, to the extent the motion seeks to bar any undisclosed testimony, the motion is **DENIED**.

**Defendant's Motions** *in Limine*:

- Defendant's Motion *in limine* No. 1 – Defendant moves to bar Plaintiff and Plaintiff's Counsel from using any remarks, statements, questions, answers, inference, innuendos or testimony of any nature which might infer to the jury whether or not insurance existed which provides coverage for the accident alleged in plaintiff's Complaint. Defendant's motion is unopposed and is, therefore, **GRANTED**.

- Defendant's Motion *in limine* No. 2 – Defendant moves to bar evidence that following the incident in question, Defendant Michael Lantrip began equipping himself with pepper spray and a whistle. Any evidence of subsequent remedial measures is irrelevant and immaterial to the issues in this case. Accordingly, Defendant's motion is **GRANTED**.

- Defendant's Motion i*n limine* No. 3 – Defendant moves to bar Brian Handegan from testifying regarding his interactions with Ruger on prior occasions. Defendant's motion

4

is **GRANTED in part** and **DENIED in part**. Handegan's prior personal experiences with Ruger are irrelevant to the issues in this case. However, Handegan may testify, based on his experience, regarding the general subject matter of capturing stray dogs.

- Defendant's motion *in limine* No. 4 – Defendant moves to bar evidence of veterinarian bills and/or records incurred prior to this incident as well as cremation expenses. Defendant's motion is **DENIED**.

- Defendant's motion *in limine* No. 5 – Defendant moves to bar reference to the Illinois' Peace Officer Firearm Training Act, 50 ILCS 710/0.01*et seq*. The motion is **RESERVED** subject to an offer of proof at trial.

- Defendant's Motion *in limine* No. 6 – Defendant moves to bar references to Defendant Michael Lantrip's practice of taking stray animals. The motion is unopposed and is, therefore, **GRANTED**.

- Defendant's Motion *in limine* No. 7 – Defendant moves to bar evidence or references that current Pocahontas Mayor Karen Heilig's dogs at some unknown time were running at large and had to be captured. The motion is **GRANTED**.

- Defendant's Motion *in limine* No. 8 – Defendant moves to bar accusations regarding an incident where Defendant Michael Lantrip's dog was at large and/or bit someone. The motion is **GRANTED**.

- Defendant's Motion *in limine* No. 9 – Defendant moves to bar Plaintiff from testifying that he sought emotional counseling as a result of this incident. The motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 6, 2016**

                                              **s/ Staci M. Yandle**
                                              **STACI M. YANDLE**
                                              **United States District Judge**