IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN NEUMANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-76 –SMY-DGW |
| | ) |
| VILLAGE OF POCAHONTAS, | ) |
| ILLINOIS, MICHAEL LANTRIP, both | ) |
| individually and in his official capacity, | ) |
| JANE LANTRIP, both individually and in | ) |
| her official capacity, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Steven Neumann brings this action against Defendants Michael Lantrip, Jane Lantrip and the Village of Pocahontas, Illinois, alleging constitutional and state law violations arising out of the shooting death of Plaintiff's dog. On April 5, 2016, the Court granted summary judgment in Defendants' favor on Plaintiff's claims against Jane Lantrip and the Village of Pocahontas (Doc. 60). Now pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 65) in which Plaintiff seeks reconsideration of the Court's grant of summary judgment in favor of the Village of Pocahontas as to Count II of Plaintiff's First Amended Complaint. For the reasons stated below, the motion is **DENIED**.

## Standard of Review

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698

1

F.3d 587, 598 (7th Cir.2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006)).  The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996).  A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Rule 60(b) permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment."  Fed. R. Civ. P. 60(b). However, in contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b).  *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002).

Plaintiff asserts that in granting summary judgment in favor of the Village of Pocahontas, the Court overlooked Plaintiff's alternative argument that the Village was liable under *Monell v. Department of Soc. Servs. of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) because "the constitutional injury was caused by a person with final policy making authority" (Doc. 65, p. 2).  In other words, Plaintiff contends that the Court committed legal error in granting summary judgment in favor of the Village.  Therefore, the Court will exclusively apply the Rule 59(e) standard to the present motion.

## Discussion

It is well settled that a municipality cannot be held liable for the actions of individual employees under § 1983 based on a theory of *respondeat superior. Monell,* 436 U.S. at 691. Rather, in order to establish municipal liability under § 1983, the plaintiff must be able to prove (1) the existence of "an express policy that, when enforced, causes a constitutional deprivation"; (2) the existence of "a widespread practice that, although not authorized by written law or

express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law"; or (3) an act of a "person with final policymaking authority" that causes a constitutional injury. *Roach v. City of Evansville,* 111 F.3d 544, 548 (7th Cir.1997). The plaintiff must show a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

Here, Plaintiff asserts the Court ignored his alternative theory of municipal liability – that Plaintiff suffered a constitutional injury caused by a person with final policymaking authority. Plaintiff's theory is based on the actions and statements of Pocahontas Police Chief Gino Feazel. In support of this contention, Plaintiff cites to various facts in the record which he argues "…raise a sufficient indicia that the shooting of Ruger was the result of a specific direction made by the Village employee with policy making authority over the subject matter, and specifically that the shooting was directly authorized and ordered by Feazel, acting in his capacity as chief of police for the Village of Pocahontas" (Doc. 65). Those facts include the following: On the date of the incident, when Feazel contacted the Bond County Sheriff's Office dispatcher to have Jolliff dispatched to Pocahontas, he specifically informed the dispatcher that "Neumann's pitbulls are out and destroying stuff at Adam Evans' mom house. They can be shot because they are mean." Feazel also spoke directly by telephone with both Lantrip and Jolliff. Jollif admits that Feazel informed him that Plaintiff's dogs were vicious and that he should be prepared to protect himself. At the scene, Jolliff suggested that Lantrip shoot Ruger and Lantrip did so. *Id*.

Notwithstanding the aforementioned facts, the evidence in the record, as a whole, is insufficient to raise a genuine issue of fact as to the existence of a direct causal link between Plaintiff's injury and Feazel's actions. There is no evidence that Feazel's statements to the

3

dispatcher were ever communicated to either Jolliff or Lantrip. Jolliff testified that the dispatcher never told him that he could shoot Plaintiff's dogs (Doc. 40-8, pp. 11-12, p. 29). The dispatcher did not recall relaying Feazel's message to Jolliff (Doc. 44-6, p. 23, p. 25). Further, there is no evidence that the dispatcher spoke to Lantrip or that Feazel ordered Lantrip to shoot Plaintiff's dogs (*see* Doc. 40-20).

Upon review of the record, the Court remains persuaded that its ruling granting summary judgment to the Village of Pocahontas was correct. Accordingly, Plaintiff's motion is **DENIED.**

**IT IS SO ORDERED.**

**DATED: April 13, 2016**

> **s/ Staci M. Yandle**
> **STACI M. YANDLE**
> **United States District Judge**